USAO 2014R00565

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLERK'S OFFICE
AT BALTIMORE

UNITED STATES OF AMERICA

v.

STANISLAV (STEVEN) YELIZAROV,
ALEKSEY (LOSHA) SOSONKO,
IGOR YASINOV,
GRIGORIY (GREG) ZILBERMAN,
PETER MAGNIS, and
MARAT (MIKE) YELIZAROV,

Defendants.

CRIMINAL NO. JFM 15-0261

(Conspiracy to Affect Commerce by
Robbery, 18 U.S.C. § 1951(a);
Affecting Commerce by Robbery,
18 U.S.C. § 1951(a); Kidnapping
Conspiracy, 18 U.S.C. § 1201;
Kidnapping, 18 U.S.C. § 1201;
Carjacking, 18 U.S.C. § 2119(1); Use,
Carry and Brandish a Firearm During
and in Relation to a Crime of Violence,
18 U.S.C. § 924(c); Aiding & Abetting,
18 U.S.C. § 2)

## INDICTMENT

### COUNT ONE
### (Conspiracy to Affect Commerce by Robbery)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times material to the Indictment:

1.      Antony Jewelers located at 11238 Reisterstown Road, Owings Mills, Maryland

(hereinafter "Antony Jewelers") was a retail business that sold, repaired and designed high-end

jewelry and watches to include CrownRing, Artcarved, Esq. Movado, Barker's, Triton, and

Whitehouse Brothers that were obtained from suppliers, retailers and manufacturers located

outside the State of Maryland.

### THE CHARGE

2.      From in or about November 2012 and continuing through to on or about February

2, 2013, in the District of Maryland and elsewhere, the defendants,

STANISLAV (STEVEN) YELIZAROV,
ALEKSEY (LOSHA) SOSONKO,
IGOR YASINOV,
GRIGORIY (GREG) ZILBERMAN,
PETER MAGNIS, and
MARAT (MIKE) YELIZAROV,

did knowingly and willfully combine, conspire, confederate, and agree with each other and with

others known and unknown to the Grand Jury to knowingly and intentionally obstruct, delay, and

affect commerce, and the movement of an article and commodity in commerce by robbery, as

detailed below, in violation of Title 18, United States Code, Section 1951.

## MANNER AND MEANS OF THE CONSPIRACY

3.       Among the manner and means used by the defendants to achieve the objects of

the conspiracy, were the following:

a.       It was a part of the conspiracy that the defendants planned and organized

the robbery of Antony Jewelers for the purpose of selling the stolen property in interstate

commerce.

b.       It was a part of the conspiracy that the defendants used, carried and

brandished firearms in relation to commission of the robbery.

c.       It was further a part of the conspiracy that the defendants gathered

intelligence including conducting surveillance and the use of a global positioning ("GPS") device

that was attached to the car of an employee of Antony Jewelers prior to the robbery in order to

learn the employee's travel routine and habits.

d.       It was further a part of the conspiracy that one or more of the defendants

used a law enforcement-type light bar and a loudspeaker to impersonate a police officer to stop

the employee's vehicle.

e.    It was further a part of the conspiracy that **STANISLAV (STEVEN) YELIZAROV, ALEKSEY (LOSHA) SOSONKO, IGOR YASINOV**, and **PETER MAGNIS** brandished firearms to threaten, carjack, and abduct the employee.

f.    It was further a part of the conspiracy that **STANISLAV (STEVEN) YELIZAROV, ALEKSEY (LOSHA) SOSONKO, IGOR YASINOV**, and **PETER MAGNIS** bound, blindfolded, and transported the employee to a remote location and used firearms to demand the alarm code to Antony Jewelers.

g.    It was further a part of the conspiracy that **PETER MAGNIS** and **IGOR YASINOV** remained with the employee while **STANISLAV (STEVEN) YELIZAROV** and **ALEKSEY (LOSHA) SOSONKO** drove the employee's car to Antony Jewelers.

h.    It was further a part of the conspiracy that **MARAT (MIKE) YELIZAROV** and an unindicted coconspirator were stationed near Antony Jewelers and acted as "look-outs," in order to report possible law enforcement presence.

i.    It was further a part of the conspiracy that **STANISLAV (STEVEN) YELIZAROV**, and **ALEKSEY (LOSHA) SOSONKO**, used the employee's key and the alarm code forcibly obtained from the employee to enter Antony Jewelers and steal jewelry, stones, and watches.

j.    It was further a part of the conspiracy that **STANISLAV (STEVEN) YELIZAROV**, and **ALEKSEY (LOSHA) SOSONKO** put the stolen items in duffel bags to carry the items out of the store.

k.    It was further a part of the conspiracy that during the abduction and robbery the Defendants wore masks and gloves to conceal their identities.

l.    It was further a part of the conspiracy that the defendants used mobile phones to communicate with each other throughout the abduction, carjacking and robbery.

m.     It was further a part of the conspiracy that the Defendants disposed of their clothes, masks, and gloves following the incident in order to conceal their involvement.

n.     It was further part of the conspiracy that **STANISLAV (STEVEN) YELIZAROV** sold a portion of the stolen jewelry on January 18, 2013 for $29,000.

o.     It was further part of the conspiracy that on January 19, 2013, **STANISLAV (STEVEN) YELIZAROV** traveled to Brooklyn, New York to sell some, but not all, of the jewelry and stones taken during the robbery of Antony Jewelers.   **STANISLAV (STEVEN) YELIZAROV** stayed in Brooklyn, New York for three days, and received over $100,000 in cash for the sale of the jewelry and stones.

p.     It was further part of the conspiracy that on or about January 21, 2013, **STANISLAV (STEVEN) YELIZAROV** returned to Maryland and divided the cash proceeds among the members of the conspiracy and others.

q.     It was further part of the conspiracy that from January 25, 2013 through February 2, 2013, **ALEKSEY (LOSHA) SOSONKO, MARAT (MIKE) YELIZAROV**, and others removed firearms, cash, the GPS device, drug paraphernalia, and other evidence of the crimes from **STANISLAV (STEVEN) YELIZAROV's** residence, at **STANISLAV (STEVEN) YELIZAROV's** direction.

## OVERT ACTS

4.     In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Maryland and elsewhere:

a.     In late 2012, **GRIGORIY (GREG) ZILBERMAN** exploited the friendship between himself and the employee of Antony Jewelers for the purpose of learning information about Antony Jewelers, including the habits and routine of the employee prior to the armed robbery, kidnapping and carjacking.

4

b.      In late 2012 to early 2013, members of the conspiracy attached a GPS tracking device to the employee's vehicle.

c.      On or about January 15, 2013, **GRIGORIY (GREG) ZILBERMAN** enticed the employee of Antony Jewelers to visit his home in order to alert the other defendants of the employee's whereabouts.

d.      On or about January 16, 2013, **STANISLAV (STEVEN) YELIZAROV, ALEKSEY (LOSHA) SOSONKO, IGOR YASINOV**, and **PETER MAGNIS** drove a rented Sports Utility Vehicle (SUV) and used a law enforcement-type light bar and a loudspeaker to pull over the employee.

e.      On or about January 16, 2013, **STANISLAV (STEVEN) YELIZAROV, ALEKSEY (LOSHA) SOSONKO, IGOR YASINOV**, and **PETER MAGNIS** brandished firearms to remove the employee from his vehicle.

f.      On or about January 16, 2013, **STANISLAV (STEVEN) YELIZAROV, ALEKSEY (LOSHA) SOSONKO, IGOR YASINOV**, and **PETER MAGNIS** forcibly bound and blindfolded the employee, placed the employee into the trunk of his own vehicle, and drove the employee to a predetermined remote location.

g.      On or about January 16, 2013, **STANISLAV (STEVEN) YELIZAROV, ALEKSEY (LOSHA) SOSONKO, IGOR YASINOV**, and **PETER MAGNIS** brandished firearms to forcibly threaten and rob the employee of Antony Jewelers for the purpose of obtaining the keys and the code to the alarm system at Antony Jewelers.

h.      On or about January 16, 2013, **STANISLAV (STEVEN) YELIZAROV, ALEKSEY (LOSHA) SOSONKO, IGOR YASINOV**, and **PETER MAGNIS** brandished firearms and told the employee that they knew his family's place of residence, and that if he did

not comply with their demands or if he reported the incident to the police they would kill his family.

i.      On or about January 16, 2013, at approximately 3:52 a.m., **STANISLAV (STEVEN) YELIZAROV** and **ALEKSEY (LOSHA) SOSONKO** drove in the employee's vehicle from the remote location to Antony Jewelers.

j.      On or about January 16, 2013, at approximately 3:52 a.m., **MARAT (MIKE) YELIZAROV** and an unindicted coconspirator were stationed near Antony Jewelers and acted as "look-outs," in order to report possible law enforcement presence.

k.      On or about January 16, 2013, at approximately 4:19 a.m., **STANISLAV (STEVEN) YELIZAROV** and **ALEKSEY (LOSHA) SOSONKO** entered Antony Jewelers and stole jewelry, stones, and watches valued at approximately $500,000.

18 U.S.C. § 1951(a)

## COUNT TWO
### (Affecting Commerce by Robbery)

The Grand Jury for the District of Maryland further charges:

1.     The allegations of Count One, Paragraphs 1, 3-4 are incorporated by reference as though fully set forth here.

2.     On or about January 16, 2013, in the District of Maryland, the defendants,

**STANISLAV (STEVEN) YELIZAROV,**
**ALEKSEY (LOSHA) SOSONKO,**
**IGOR YASINOV,**
**GRIGORIY (GREG) ZILBERMAN,**
**PETER MAGNIS, and**
**MARAT (MIKE) YELIZAROV,**

did knowingly attempt to obstruct, delay and affect commerce, as that term commerce is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18 U.S.C. §1951.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT THREE
### (Conspiracy to Commit Kidnapping)

The Grand Jury for the District of Maryland further charges:

1.　　The allegations of Count One, Paragraphs 1, 3-4 are incorporated by reference as though fully set forth here,

2.　　On or about January 16, 2013, in the District of Maryland, the defendants,

**STANISLAV (STEVEN) YELIZAROV,**
**ALEKSEY (LOSHA) SOSONKO,**
**IGOR YASINOV,**
**GRIGORIY (GREG) ZILBERMAN,**
**PETER MAGNIS, and**
**MARAT (MIKE) YELIZAROV,**

with each other and others known and unknown to the grand jury, did knowingly and unlawfully combine, conspire and agree to violate 18 U.S.C. §1201(a)(1), specifically to seize, confine, kidnap, abduct, and carry away a person for a reason which was of benefit to the defendants and, while so holding him, to use any means, facility, and instrumentality of interstate and foreign commerce to commit and in furtherance of the commission of the offense, and during the course of and in furtherance of the conspiracy, and to effect the objects thereof, at least one of the coconspirators committed at least one of the overt acts listed in Paragraph 4 of Count 1, incorporated here by reference.

18 U.S.C. § 1201(c)

## COUNT FOUR
### (Kidnapping)

The Grand Jury for the District of Maryland further charges:

1.      The allegations of Count One, Paragraphs 1, 3-4 are incorporated by reference as though fully set forth here.

2.      On or about January 16, 2013, in the District of Maryland, the defendants,

**STANISLAV (STEVEN) YELIZAROV,
ALEKSEY (LOSHA) SOSONKO,
IGOR YASINOV,
GRIGORIY (GREG) ZILBERMAN,
PETER MAGNIS, and
MARAT (MIKE) YELIZAROV,**

did unlawfully, willfully and knowingly, seize, confine, inveigle, decoy, kidnap, abduct, and carry away a person, and hold him for a reason which was of benefit to the defendants, and did use any means, facility, and instrumentality of interstate and foreign commerce to commit and in furtherance of the commission of the offense.

18 U.S.C. § 1201(a)
18 U.S.C. § 2

## COUNT FIVE
### (Carjacking)

The Grand Jury for the District of Maryland further charges:

1.      The allegations of Count One, Paragraphs 1, 3-4 are incorporated by reference as though fully set forth here.

2.      On or about January 16, 2013, in the District of Maryland, the defendants,

**STANISLAV (STEVEN) YELIZAROV,
ALEKSEY (LOSHA) SOSONKO,
IGOR YASINOV,
GRIGORIY (GREG) ZILBERMAN,
PETER MAGNIS, and
MARAT (MIKE) YELIZAROV,**

did by force, violence and intimidation, and with the intent to cause serious bodily harm, take from the person and in the presence of another a motor vehicle that had been transported, shipped and received in interstate and foreign commerce, namely a 2011 Nissan Maxima bearing Maryland license number 6AJ4962.

18 U.S.C. § 2119(1)
18 U.S.C. § 2

## COUNT SIX
### (Use, Carry and Brandish a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges:

1.   The allegations of Count One, Paragraphs 1, 3-4 are incorporated by reference as though fully set forth here.

2.   On or about January 16, 2013, in the District of Maryland, the defendants,

**STANISLAV (STEVEN) YELIZAROV,**
**ALEKSEY (LOSHA) SOSONKO,**
**IGOR YASINOV,**
**GRIGORIY (GREG) ZILBERMAN,**
**PETER MAGNIS, and**
**MARAT (MIKE) YELIZAROV,**

did knowingly possess and brandish a firearm in furtherance of, and did use, carry and brandish a firearm during and in relation to, a crime of violence for which they may be prosecuted in a court of the United States, to wit: Conspiracy to Affect Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count One of this Indictment; Affecting Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Two of this Indictment; Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. § 1201, as set forth in Count Three of this Indictment; Kidnapping, in violation of 18 U.S.C. § 1201, as set forth in Count Four of this Indictment; and Carjacking, in violation of 18 U.S.C. § 2119(1), as set forth in Count Five of this Indictment, which are all incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)(i) and (ii)
18 U.S.C. § 2

_____
Rod J. Rosenstein
United States Attorney

___ A TRUE BILL ___ ___ _

**SIGNATURE REDACTED**

Foreperson
Date: May *12*, 2015